UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ATAUYO UMONDAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-10-3974 |
| | § | |
| CODY GINSEL, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Dismissal

Atauyo Umondak filed a complaint for civil rights violations. 42 U.S.C. § 1983. He is proceeding as a pauper. 28 U.S.C. § 1915. Umondak is a Texas prisoner. He sues Warden Cody Ginsel.

### 1. *Claims*

Umondak claims he was denied out-of-cell recreation while he was on the Byrd Unit from August 5 through August 31, 2009. Umondak claims cruel and unusual punishment and a due process violation. Umondak requests nominal and punitive damages.

### 2. *Deliberate Indifference*

When a prisoner claims a constitutional violation concerning the conditions of his confinement, he must show deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). To establish deliberate indifference, a prisoner must show that a defendant was aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and that he actually drew an inference that such potential for harm existed. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Umondak's papers attached to his complaint show that he was temporarily held on the Byrd Unit in transient status. *See* Offender Grievance responses (1, pp. 5, 7). Under Byrd Unit policy, prisoners who are temporarily housed on that unit while being moved from one prison to another are not allowed out of their cells for recreation. *Id.* The adoption and execution of policies and practices by prison administrators are to be accorded deference by the courts. *Block v. Rutherford*, 468 U.S. 576, 584-585 (1984). "[P]rison officials have broad administrative and discretionary authority over

the institutions they manage." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Moreover, Umondak does not raise facts which show that Warden Ginsel was deliberately indifferent to Umondak's health by keeping him in his cell for a long time.

3. *Conclusion*

Umondak has not shown a constitutional deprivation. He fails to state a claim recognized at law. This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i),(ii). The Texas Department of Criminal Justice will deduct 20% of each deposit made to the plaintiff's inmate trust account and pay this to the court regularly, while the account exceeds $10, until the filing fee, $350, is paid. The Clerk will send a copy to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Three-Strikes List, by regular mail or e-mail.

Signed on _October 26_, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge